UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Robert W. Brown, # 318385, | ) | C/A No. 5:14-1065-JMC-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Nurse Practitioner Elizabeth Holcomb; Thomas Byrne; Fred Thompson; Warden McCabe; Captain Brightharp, and Lieutenant Williams, all in their official and individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. This court previously directed that the Complaint be served on all Defendants; however, the attempted service upon Defendant Lieutenant Williams by the United States Marshal's Service was returned un-executed. ECF No. 29.

According to the notations on the returned Form USM-285, the Marshals Service's initial attempt to serve Defendant Williams at the Lieber Correctional Institution address that Plaintiff provided on the form was unsuccessful because "SCDC cannot accept - has two Lt. Williams at Lieber." *Id.* The Marshals' second attempt to serve this Defendant at Lieber was also unsuccessful as indicated by the notation that an employee in the Human Resources Department "stated they would not accept process [because they] need some other type of identifier [because there are] 2 Lt. Williams." *Id.* After that unsuccessful attempt at service, the Form USM-285 submitted by Plaintiff for Defendant Lt. Williams was returned to this court and docketed as "unexecuted." *Id.*

**The providing of sufficient, accurate, and complete information on Forms USM-285 is Plaintiff's responsibility**. Plaintiff's attention is directed to Rule 4(m) of the Federal Rules of Civil Procedure, which provides that unless a particular defendant is served within 120 days after the complaint is filed (unless extended), this court may dismiss an action without prejudice as to that particular defendant. Case law interpreting Rule 4(m) has held that dismissal may be entered *unless good cause is shown* if a Defendant is not served within 120 days from the date the summons was issued for that particular Defendant. *See Robinson v. Clipse*, 602 F.3d 605, 608–09 (4th Cir. 2010) (tolling during initial review); *Vantage, Inc. v. Vantage Travel Serv., Inc.*, No. 6:08-2765-HMH, 2009 WL 735893, at *2-3 (D.S.C. Mar. 20, 2009) (extending the 120-day period within its discretion and finding defendant had been properly served within that extended period).

Accordingly, should he desire to attempt service on Defendant Lt. Williams again, Plaintiff is directed to provide updated service forms with additional, more specific identifying

information for this Defendant that will distinguish the intended Defendant from any other "Lt. Williams" who might be employed at Lieber. The new forms should be submitted to the Clerk of Court within twenty-one (21) days of the date of this Order. A blank summons form and one blank Form USM-285 forms are attached to this Order for Plaintiff's use. Plaintiff is further advised that if he fails to provide the required updated service documents, the undersigned will recommend dismissing Defendant Lieutenant Williams from this case with prejudice for failure to prosecute. *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b).

    IT IS SO ORDERED.

                                        Kaymani D. West
                                        United States Magistrate Judge

December 3, 2014
Florence, South Carolina